FILED
United States Court of Appeals
Tenth Circuit

September 17, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GUSTAVO M. JUAREZ-GALVAN,

Plaintiff - Appellant,

v.

UNITED PARCEL SERVICE, INC.,

Defendant - Appellee.

No. 14-3027
(D.C. No. 5:13-CV-04046-SAC-KGS)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

Gustavo Juarez-Galvan appeals the district court's order dismissing his claims

of employment discrimination, retaliation, and hostile work environment because

they should have been included in a prior action Mr. Juarez-Galvan filed against his

employer, *see Juarez-Galvan v. United Parcel Serv., Inc.*, No. 13-3118, 2014 WL

3585735 (10th Cir. July 22, 2014) (unpublished) (*Juarez-Galvan I*). The district

court concluded that Mr. Juarez-Galvan's attempt to bring additional claims in a

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

second lawsuit was improper claim-splitting. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

At all times relevant to *Juarez-Galvan I* and this case, Mr. Juarez-Galvan was employed by United Parcel Service (UPS). He filed *Juarez-Galvan I* on November 2, 2010, alleging he was denied a promotion based on his national origin, in violation of Title VII, *see* 42 U.S.C. §§ 2000e to 2000e-17. While *Juarez-Galvan I* was pending, Mr. Juarez-Galvan filed a charge with the EEOC claiming discrimination, retaliation, and a hostile work environment on the basis of national origin. This charge was filed on November 3, 2011, and alleged Title VII violations occurring on November 2, 2009, November 3, 2009, June 15, 2010, and July 15, 2011.

On the day after the EEOC charge was filed, November 4, 2011, the district court held a scheduling conference in *Juarez-Galvan I* during which the court modified the scheduling order to permit Mr. Juarez-Galvan to amend his complaint in *Juarez-Galvan I* after he received a right-to-sue letter from the EEOC on his discrimination, retaliation and hostile-work-environment claims. A right-to-sue letter is a jurisdictional prerequisite to a Title VII lawsuit. *Bertsch v. Overstock.com*, 684 F.3d 1023, 1029 (10th Cir. 2012). The EEOC issued the right-to-sue letter on January 23, 2013, while *Juarez-Galvan I* was still pending, but Mr. Juarez-Galvan did not seek leave to amend his complaint to add the additional claims. On April 8, 2013, the district court granted summary judgment in favor of UPS in

*Juarez-Galvan I.* On April 23, 2013, Mr. Juarez-Galvan filed the underlying lawsuit alleging national-origin discrimination, retaliation, and hostile work environment.

The district court discussed the law applicable to claim-splitting, noting that the claims Mr. Juarez-Galvan raised in this case arose from the same employment relationship as *Juarez-Galvan I*, three of the four events he relies on in this case had occurred before he filed his complaint in *Juarez-Galvan I*, and he did not seek leave to amend his complaint in *Juarez-Galvan I* after he received the right-to-sue letter. The court observed that a litigant awaiting a right-to-sue letter before filing suit has at least five options, including requesting the right-to-sue letter before expiration of the 180-day waiting period, as authorized by regulation, or asking the district court to stay the first case pending receipt of the right-to-sue letter. The court remarked that litigants in similar circumstances "have a very strong case for requesting a stay." Aplt. App. at 104. Yet Mr. Juarez-Galvan did not request a stay, even though the district court had indicated its willingness to combine all claims in *Juarez-Galvan I* by amending the scheduling order to allow him to amend the complaint after receiving the right-to-sue letter for his discrimination and other claims. The court further noted that Mr. Juarez-Galvan's attempt to bring two separate lawsuits imposed a burden on the court. Accordingly, the court granted UPS's motion to dismiss.

Mr. Juarez-Galvan challenges the district court's determination that he was required to include in *Juarez-Galvan I* his discrimination and other claims. He

asserts that he was not able to seek leave to amend the complaint in *Juarez-Galvan I* because the acts of discrimination and retaliation at issue here occurred after he filed his EEOC charge for the failure-to-promote claim alleged in *Juarez-Galvan I*. He points out that the right-to-sue letter in this case was issued January 23, 2013, after the summary judgment briefing was closed in *Juarez-Galvan I*.

> The rule against claim-splitting requires a plaintiff to assert all of [his] causes of action arising from a common set of facts in one lawsuit. . . . We review for abuse of discretion when a district court's dismissal for claim-splitting was premised in significant measure on the ability of the district court to manage its own docket, and will reverse the district court only if we find its judgment exceeded the bounds of the rationally available choices given the facts and the applicable law in the case at hand.

*Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (citations and internal quotation marks omitted).

Although Mr. Juarez-Galvan argues that he could not have amended his complaint in *Juarez-Galvan I* to include the claims brought here, he does not address the district court's discussion and authorities stating that (1) he could have requested a stay of *Juarez-Galvan I* to allow him to exhaust administrative remedies for his discrimination and other claims, or (2) he could have requested a right-to-sue letter from the EEOC in order to receive it earlier. Nor does he explain why he could not have adopted the other strategies the court discussed to avoid claim-splitting where claims arose or matured at different times.

We have carefully reviewed the parties' appellate materials, the record on appeal, and the relevant legal authority. We cannot improve upon the district

- 4 -

court's well-reasoned analysis.  In addition, we do not find that the judgment

exceeded the bounds of the rationally available choices.  Therefore, we affirm the

judgment for substantially the same reasons stated in the district court's order dated

January 8, 2014.

Entered for the Court


John C. Porfilio
Circuit Judge