FILED
United States Court of Appeals
Tenth Circuit

May 5, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHARLES DAVIS,

       Plaintiff - Appellant,

v.

No. 13-3224

UNIFIED SCHOOL DISTRICT 500;
STEPHEN VAUGHN,

       Defendants - Appellees.

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 2:12-CV-02013-EFM)**

_____

Submitted on the briefs:[*]

Alan V. Johnson, Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C., Topeka, Kansas, for Plaintiff-Appellant.

Deryl W. Wynn, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kansas, for Defendants-Appellees.

_____

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

_____

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**O'BRIEN**, Circuit Judge.

Charles Davis has been employed as a custodian with Unified School District No. 500 ("USD 500") since 1991. In 2007, the school board considered a recommendation to terminate his employment when he was found lying naked on his stomach, sunbathing on the roof of the elementary school where he worked. Instead, the Board decided upon a suspension without pay for thirty days and demoted him from his position as head custodian. From 2008 to 2012, Davis applied for head custodian positions at seven different schools within USD 500, but was not hired for any of them. In 2008, 2010, and 2011, he filed claims with the Equal Employment Opportunity Commission ("EEOC"), originally alleging racial discrimination and later both discrimination and retaliation for filing EEOC claims. In January 2012, Davis filed suit against USD 500 and Stephen Vaughn, the Director of Human Resources for the district, claiming: (1) retaliation by Vaughn in violation of 42 U.S.C. § 1981; (2) retaliation by USD 500 in violation of Title VII and § 1981; (3) delayed payment of overtime compensation by USD 500 in violation of the Fair Labor Standards Act ("FLSA").

The district court entered summary judgment in favor of USD 500 and Vaughn. This appeal followed.[1] In a nutshell the key issue is whether a common

---

[1] On appeal, Davis does not challenge the district court's ruling on his FLSA overtime claim. Accordingly, he has waived any challenge to that ruling. *See Silverton Snowmobile Club v. U.S. Forest Service*, 433 F.3d 772, 783 (10th Cir.

(continued)

purpose to retaliate against Davis must be inferred from the sheer volume of his promotion denials; we think not when seven independent and informed decision makers are involved. We affirm.[2]

## I. Discussion

Our review is de novo. *Crowe v. ADT Sec. Servs., Inc.,* 649 F.3d 1189, 1194 (10th Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id*. (quoting Fed. R. Civ. P. 56(a)). The parties are familiar with the background facts. Our analysis will discuss them as necessary.

"A plaintiff may prove violation of Title VII or 42 U.S.C. § 1981—the standards are the same—either by direct evidence of discrimination, or by adhering to the burden-shifting framework of *McDonnell Douglas Corp. v. Green* [.]" *Crowe*, 649 F.3d at 1194 (citations omitted). Davis has offered no direct evidence of discrimination so his claims proceed under the *McDonnell Douglas* framework, which requires him to first establish a prima facie case of retaliation, *see Twigg v. Hawker Beechcraft Corp*., 659 F.3d 987, 998 (10th Cir. 2011). To do so he must prove: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the

2006) ("The failure to raise an issue in an opening brief waives that issue." (brackets and internal quotation marks omitted)).

[2]     Our jurisdiction derives from 28 U.S.C. § 1291.

- 3 -

adverse employment action. *See id.* The Supreme Court has recently clarified the causation standard for Title VII retaliation claims, explaining: "[A] plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

Because Davis failed to establish a prima facie case, he lost the summary judgment debate. He disagrees with the district judge.

A. *Retaliation Claim against Vaughn*

Each school building within USD 500 has a head custodian. When there is a vacancy for a head custodian position, the Buildings and Grounds Department, led by Joseph Herbin, prepares a request for the Human Resources ("HR") Department to fill the position. The HR Department then internally posts the head custodian job vacancy for a two-week period. During this time, any current custodian may apply to fill the open position. The HR Department receives all of the internal job applications, reviews them, and forwards the names of qualified applicants to the hiring managers. For head custodian positions, the hiring managers are Herbin and the school principal at the building with the vacancy. The principal, sometimes with Herbin's assistance, conducts interviews. In practice the principal selects one of the applicants to fill the vacant position; Herbin's role in the actual selection is minimal to non-existent. The HR Department and Vaughn do not make promotion decisions.

In response to summary judgment, Davis alleged Vaughn failed to submit his application for posted head custodian openings at two schools (Wellborn and Silver City). As evidence he claims not to have received an email notice (the whole process is electronic) indicating his name had been "referred for consideration" for those positions. He also claims Vaughn failed to investigate the qualifications of the successful applicants.

Davis' EEOC complaints constituted protected opposition to alleged discrimination. On that, the parties agree. They disagree as to whether Vaughn took any adverse employment actions against Davis.

According to Davis, Vaughn's failure to include his name for consideration by the hiring authority at those two schools was an adverse employment action. In his deposition, Vaughn testified it was his belief he submitted Davis's name to the building administrators in charge of hiring for all of the head custodian positions for which Davis applied, making the legal premise (even if correct) a moot point. With regard to the Wellborn School position, Vaughn introduced evidence in his summary judgment motion of a computer printout showing Davis' name to have been submitted for that position.

As for the Silver City School position, Vaughn testified to having searched the HR records in an attempt to confirm which applicants were included on the qualified candidates list, but was unable to locate any records with that information. Davis

did, however, receive a notice indicating he had been "Screened IN" for the position.

Aplt. App. at 168. Vaughn explained in his affidavit:

> [T]he fact that [the notice] has the notation "screened in" . . . does not mean that Plaintiff was not included in the list of qualified applicants provided by the [HR] Department to the school and the Buildings and Grounds Department. Initially, "screened in" was the status that the [HR] Department used for applicants that it was referring to the individual schools as qualified for the vacant positions. At some later date, the [HR] Department began to add the more descriptive phrase of "referred for consideration."

Aplee. Supp. App. at 192.

Based on undisputed evidence the district judge concluded Davis' name was submitted for the Wellborn position. With respect to the Silver City position, the judge concluded:

> Vaughn explained in an affidavit that, although he could not find any records showing which applications were submitted to Silver City Elementary School, the "referred for consideration" designation was something the [HR] Department added more recently. Therefore, Davis's application may have been passed along for that head custodian position. Given the lack of evidence that Vaughn excluded Davis's application for the vacation head custodian position at Silver City Elementary School—let alone that a retaliatory animus motivated such exclusion—no reasonable jury could find by a preponderance of the evidence that Vaughn took adverse employment action against Davis.

Aplt. App. at 233-34.

We see no error in the judge's analysis.

The judge also concluded Vaughn's alleged failure to investigate the qualifications of the other custodial applicants did not fall within the definition of an adverse employment action. He was correct in that assessment because the HR

- 6 -

department was only responsible to insure all applicants referred for consideration were minimally qualified.  It, and Vaughn, had no role in ranking the applicants.  Even if an unqualified applicant somehow slipped through the cracks we fail to see how that would be an adverse employment action against Davis.  Summary judgment was appropriate.

B.  *Retaliation Claim against USD 500*

The district judge analyzed the circumstantial evidence Davis submitted to support his retaliatory motive contention with respect to USD 500's failure to promote him.  The judge ultimately concluded Davis failed to present sufficient evidence of a causal connection between his protected activities and unsuccessful attempts to be promoted.  That connection is a necessary part of a prima facie case.

We note the absence of any discussion by the district judge about the number of unsuccessful promotion attempts by Davis (seven different schools over a period of four years).  Davis, on the other hand, makes much of it and wants to draw an inference of common purpose.  He seems to think the number of times he was passed over is alone sufficient to establish a prima facie case.  He is wrong.  The sheer number of failed attempts might be significant in a different context or if more completely developed, but in this case it is little more than rank speculation.

Davis must make a prima facie case of but-for causation with respect to each discrete incident of being passed over for a promotion.[3] In the alternative, he would need to show a conspiracy among the disparate actors amounting to a common retaliatory motive. He has done neither. The principals of each of those schools independently investigated the applicants and made the hiring decisions. There is no evidence of concerted activity among them or with the HR department. In fact, there is no evidence of any principal's knowledge of Davis' protected activity and we see no reason to impute the HR Department's knowledge to any of them. *Cf. Macon v. United Parcel Serv. Inc.*, 743 F.3d 708, 718 (10th Cir. 2014) (explaining any improper motive on part of supervisor, who was not the final decision-maker, could not be imputed to UPS when its independent grievance panel concluded there was an adequate reason to terminate plaintiff and there was no evidence the grievance panel shared supervisor's alleged retaliatory motive).

---

[3] We are, of course, aware of our decision in *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 540-41 (10th Cir. 2014), where we treated a committee of shifting and overlapping members as a single entity for purposes of the common supervisor rule. But this case does not even come close. Davis implies, without evidence, that Herbin, the Coordinator of Buildings and Grounds, was the common, connecting thread. Although Herbin testified he sat in on the interviews for the head custodian positions, his role was to answer technical questions about the job duties. He testified to never having been the decision maker or attempting to influence the interview process; he left it entirely to the principals to choose whom among the qualified candidates to interview and hire. His testimony was not effectively impeached, even for summary judgment purposes. There is no common supervisor or "cat's paw" issue here.

Because Davis failed to establish a causal connection between his protected activity and each school's independent decision not to hire him, the district court properly granted summary judgment in favor of USD 500.

## II. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.