**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**September 22, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

FIFI MENO INGILA,

     Plaintiff - Appellant,

v.

DISH NETWORK, LLC,

     Defendant - Appellee.

No. 15-1087
(D.C. No. 1:13-cv-00809-MSK-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.
_____

Fifi Meno Ingila, pro se, appeals from the district court's order of summary

judgment in favor of Dish Network, LLC (Dish) on her claims for racial

discrimination, retaliation, and hostile work environment under the Civil Rights Act

of 1991, 42 U.S.C. § 1981. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

The parties are familiar with the facts. Briefly, Ms. Ingila, an

African-American, worked for Dish as a customer service representative beginning in

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2008.  She alleged that her co-workers often referred to her as "Oprah" and "Winnie Mandela."  When Dish failed to take corrective action, she filed charges of discrimination with the Equal Employment Opportunity Commission in January and February 2010.  Dish terminated Ms. Ingila's employment in 2011 following an incident in the workplace.  According to Dish, Ms. Ingila threw a bottle of water at a co-worker who she thought was talking too loud.  For her part, Ms. Ingila said the bottle slipped out of her hand.

In 2013, Ms. Ingila, represented by counsel, filed suit alleging numerous claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), § 1981, and the Americans With Disabilities Act, 42 U.S.C. § 12112(a).  An amended complaint, also filed by counsel, abandoned all the claims except those under § 1981.  Eventually, Ms. Ingila's counsel withdrew and Ms. Ingila proceeded pro se.

As to the claims under § 1981, the district court carefully examined each one and concluded, in a comprehensive and well-reasoned twenty-page opinion and order, that Dish was entitled to summary judgment.  As an overarching matter, the court recognized that although Ms. Ingila's pro se filings were entitled to a liberal construction, she failed to address the relevant claims or muster any evidence in opposition.  The court then applied the law to the undisputed facts and concluded that Dish was entitled to summary judgment.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court."  *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000) (internal quotation marks omitted).

The district court analyzed Ms. Ingila's claims of disparate treatment and retaliation under § 1981 using the proper framework and found no evidence of pretext. *See Kendrick*, 220 F.3d at 1225 ("the analytical framework [of *McDonnell Douglas*] applies . . . to claims [of discrimination] brought pursuant to section 1981") (internal quotation marks omitted)); *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014) ("[a] plaintiff may prove [retaliation in] violation of . . . § 1981 . . . by adhering to the burden-shifting framework of *McDonnell Douglas*") (internal quotation marks omitted)). As to Ms. Ingila's claim of a racially hostile work environment under § 1981, the court concluded that "[t]aken as a whole and in the light most favorable to Ms. Ingila . . . the facts alleged fail to establish a genuine issue of whether a reasonable person would construe the name-calling to be sufficiently severe and pervasive as to alter the terms and conditions of employment." R. at 735.

Ms. Ingila has failed to raise any relevant arguments on appeal; instead she argues about claims that were dropped from the amended complaint and expresses frustration with Dish for its alleged failure to renew a pre-litigation settlement offer. We have carefully examined the parties' briefs, the record, and the controlling law, and conclude that the district court correctly granted summary judgment in favor of Dish. According, we affirm for substantially the same reasons as those set forth in the court's order dated February 14, 2014.

Because Ms. Ingila has failed to present any reasoned, non-frivolous arguments, we deny her motion to proceed in forma pauperis and direct her to remit

3

the full filing and docketing fees to the clerk of the district court forthwith. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) ("In order to succeed on [a] motion [to proceed in forma pauperis] an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts") (emphasis added)).

Entered for the Court


Bobby R. Baldock
Circuit Judge