**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JULIA CHUNG,

      Plaintiff - Appellant,

v.

EL PASO SCHOOL DISTRICT #11,

      Defendant - Appellee.

No. 15-1297
(D.C. No. 1:14-CV-01520-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Julia Chung, proceeding pro se,[1] appeals the district court's order granting

summary judgment in favor of El Paso School District #11 ("School District"). We

affirm.

___

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Chung's pro se filings, but we hold her to the same rules of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

# I. Background

Chung has been a teacher at Sabin Middle School, which is part of the School District, for more than twenty years. In 2004, she was reassigned from teaching eighth grade language arts to teaching drama. She taught both drama and eighth grade reading until 2010, when she was assigned to teach sixth grade reading. After three years of teaching sixth grade reading, she was again assigned to teach drama in April 2013. Chung opposed the assignment and asked the principal to reconsider, but she was unsuccessful.

Later that month, Chung filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging the principal discriminated against Chung based on her race (Asian) and national origin (Chinese). The EEOC dismissed the charge and issued Chung a notice of her right to sue.

Unhappy with her drama assignment, Chung applied for another position in the School District—Multi-Lingual Facilitator ("MLF")—but the School District chose another candidate. In April 2014, the principal told Chung she would remain in the drama position for another year. Shortly thereafter, Chung filed this Title VII lawsuit against the School District alleging discrimination based on her race and national origin, as well as retaliation for filing the EEOC charge.[2] Following discovery, the district court granted the School District's motion for summary judgment. Chung subsequently filed three motions to reconsider, which the court denied.

---

[2] The parties consented to have a magistrate judge conduct all proceedings under 28 U.S.C. § 636(c).

## II. Standard of Review

We review the grant of summary judgment de novo. *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014). A party is entitled to summary judgment if she "shows that there is no genuine dispute as to any material fact and [she] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary-judgment stage, the court must view the evidence in the light most favorable to the nonmoving party, and must resolve all factual disputes and make all reasonable inferences in her favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).

## III. Analysis

Chung presents four arguments on appeal: (1) the district court erred by granting summary judgment on her discrimination claim; (2) the court did not have authority to rule on her retaliation claim; (3) summary judgment on her retaliation claim was not warranted; and (4) the court awarded the School District excess costs. We reject her first three arguments and lack jurisdiction to consider the fourth.

Because Chung's discrimination and retaliation claims are based on circumstantial evidence, the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*[3] applies. *See Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014). This requires Chung to first establish a prima facie case of discrimination or retaliation. *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1195 (10th Cir. 2011). If she clears this hurdle, the School District must articulate a

---

[3] 411 U.S. 792 (1973).

3

"legitimate, non-discriminatory or non-retaliatory rationale" for any adverse employment action. *Id.* The burden then shifts back to Chung, "who must prove by a preponderance of the evidence that [the School District's] reasons are a pretext for unlawful discrimination" or retaliation. *Johnson v. Weld Cty.*, 594 F.3d 1202, 1211 (10th Cir. 2010).

## A. The district court did not err by granting summary judgment on Chung's discrimination claim.

Chung first argues the district court erred by granting summary judgment on her discrimination claim. Specifically, she argues that she established a prima facie case of discrimination based on her reassignment from teaching sixth grade reading to teaching drama for the 2013-2014 school year.[4] We disagree.

An employer may not "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, the plaintiff must present evidence that (1) she belongs to a protected class, (2) she "suffered an adverse employment action," and (3) the "action took place under circumstances giving rise to an inference of discrimination." *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007).

The district court found that Chung failed to show her assignment to teach drama for the 2013-2014 school year was an adverse employment action. "In general, only acts that constitute a significant change in employment status, such as

---

[4] Chung's complaint alleges other adverse employment actions, but her argument on appeal focuses only on her assignment to teach drama in 2013.

hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits will rise to the level of an adverse employment action." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011) (internal quotation marks and brackets omitted). "[A] mere inconvenience or an alteration of job responsibilities does not." *Id.* (internal quotation marks omitted).

Chung's assignment to teach drama involved no change in pay or benefits. Nevertheless, Chung argues the assignment was an adverse employment action because it damaged her reputation as a literacy expert, hurt her relationship with the school community, displaced her from a subject she was highly qualified to teach, required her to work in poor conditions, left her unable to participate in the "Achieve3000" literacy program, caused her to lose the stipend that came with the program, and required her to work overtime without extra pay. But Chung failed to make this argument in her response to the School District's motion for summary judgment. *See Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."). And she cites no record evidence supporting her allegations. *See United States v. Stephenson*, 452 F.3d 1173, 1182 n.4 (10th Cir. 2006) ("[A] party before this Court bears the responsibility of tying the relevant facts to the record in order to carry the burden of proving error. This Court has no responsibility to sift through the record to find support for the claimant's arguments." (internal quotation marks and citation omitted)).

5

Although it is clear Chung is unhappy with her reassignment, the record suggests it was a lateral transfer that involved no significant changes in the conditions of her employment. *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 n.6 (10th Cir. 1998) (a lateral transfer that "involves no significant changes in an employee's conditions of employment" is not an adverse employment action, even if the employee views the transfer negatively). Based on the evidence properly before the court, there is no genuine dispute that Chung's assignment to teach drama for the 2013-2014 school year was not an adverse employment action. We therefore agree with the district court that Chung failed to establish a prima facie case of discrimination.

**B. The district court did not err by addressing Chung's retaliation claim in its summary judgment order.**

Chung argues the district court erred by addressing her retaliation claim in its summary judgment order because (1) the court lacked jurisdiction over the claim, (2) it should not have reconsidered its prior order dismissing the claim, and (3) the magistrate judge did not have the parties' consent to rule on the claim. We disagree.

As noted above, Chung filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in April 2013. The EEOC dismissed the charge and issued a notice of Chung's right to sue in March 2014. In May 2014, Chung filed her complaint in this case, which included both discrimination and retaliation claims. In June 2014, Chung filed a retaliation charge

with the EEOC.  Again, the EEOC dismissed the charge and issued a notice of Chung's right to sue in April 2015.

In June 2015, unaware Chung had received notice of her right to sue on the retaliation charge, the district court ordered Chung to show cause why the case should not be administratively closed for failure to exhaust administrative remedies. The court gave Chung three options:  (1) provide a copy of the notice of her right to sue on the retaliation charge, (2) voluntarily dismiss her retaliation claim without prejudice, or (3) administratively close the case until she received notice of her right to sue on the retaliation charge.  Chung chose the second option, and on July 2, 2015, the district court dismissed Chung's retaliation claim without prejudice.

Less than a week later, on July 6, 2015, the School District filed a motion to reconsider and pointed out that the EEOC had already issued a notice of Chung's right to sue on her retaliation charge.  Therefore, the School District argued, Chung had exhausted her administrative remedies.  Before the district court ruled on the motion to reconsider, Chung filed a second lawsuit against the School District, raising the same retaliation claims she raised in this case.  *See Chung v. El Paso Cty. Sch. Dist. #11*, No. 15-cv-01478-WYD-KLM, complaint at 4-5 (D. Colo. July 13, 2015).  Shortly thereafter, on July 21, 2015, the district court granted the School District's motion to reconsider and vacated its prior order dismissing Chung's retaliation claim.  The court explained that it had jurisdiction over the retaliation claim since Chung had, in fact, exhausted her administrative remedies.  It also found that reconsideration would not prejudice Chung because the parties had engaged in

7

discovery related to the retaliation claim and the School District's motion for summary judgment was fully briefed before the court issued its show-cause order.

**1. The district court had jurisdiction over Chung's retaliation claim.**

Chung argues the district court lacked jurisdiction over her retaliation claim because she did not file an EEOC charge related to the claim and receive notice of her right to sue until after she filed this case. A plaintiff may not bring a Title VII action until she has exhausted her administrative remedies by filing an EEOC charge and receiving notice of her right to sue. *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012). But as the district court noted in its order denying Chung's motions to reconsider, there is no jurisdictional bar when the plaintiff exhausts her administrative remedies while her case is pending. *See Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1228 & n.3 (10th Cir. 1997). So Chung's failure to exhaust her administrative remedies until after she filed suit did not deprive the district court of jurisdiction over her retaliation claim.

**2. The district court did not err by reconsidering its prior order dismissing Chung's retaliation claim.**

Chung argues the district court erred by reconsidering its prior order dismissing her retaliation claim. We review the district court's ruling on a motion to reconsider for abuse of discretion. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).

The district court dismissed Chung's retaliation claim because it mistakenly believed Chung had not exhausted her administrative remedies. It reconsidered its

8

order in an effort to correct this mistake. This is an appropriate ground for reconsideration. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (reconsideration "is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law" (internal quotation marks omitted)).

Nevertheless, Chung argues the district court should not have reinstated her retaliation claim. According to Chung, the claim was not part of the litigation, she did not have all the evidence necessary to prosecute the claim, and the district court did not give her an opportunity to respond to the School District's motion to reconsider. But the record shows Chung's retaliation claim was part of the litigation from the beginning. Chung's complaint alleged the School District retaliated against her for filing an EEOC charge by refusing to return her to her sixth grade reading position and by failing to hire her for the MLF position. Chung sought and obtained discovery relating to her retaliation claim, deposing at least one witness whose testimony was relevant only to that claim. The discovery deadline passed before the School District's motion for summary judgment, which was fully briefed before the district court issued its show-cause order. Chung opposed the School District's request for summary judgment on her retaliation claim, arguing she had "provided material facts on the School District's . . . retaliation in her job interview for the Multi-lingual Facilitator's position" and "evidence that retaliation happened within the time period of her participation in the protected activity with EEOC." R. Vol. 4

9

at 48. Finally, although D. Colo. Civ. R. 7.1(d) gives parties 21 days to file a response, the district court may "rul[e] on a motion at any time after it is filed." *Id*.

In short, Chung had adequate opportunity to litigate her retaliation claim and the district court did not abuse its discretion by reconsidering its prior order dismissing the claim

### 3. The parties consented to have a magistrate judge conduct all proceedings.

Chung also argues the magistrate judge did not have the parties' consent to rule on her retaliation claim because she had refiled the claim in a new case. But shortly after Chung filed this case both parties consented "to have a United States magistrate judge conduct all proceedings in this . . . action." R. Vol. 1 at 116. The dismissal and subsequent reinstatement of Chung's retaliation claim were part of those proceedings. We know of no authority—and Chung provides none—supporting her argument that the magistrate judge lost jurisdiction to reconsider a prior order because Chung refiled her retaliation claim in another suit.

### C. The district court did not err by granting summary judgment on Chung's retaliation claim.

Chung argues the district court erred by granting summary judgment on her retaliation claim. Specifically, she argues she established a prima facie case that the

10

School District retaliated against her for engaging in protected activity by denying her the MLF position.[5] We disagree.

An employer may not retaliate against an employee for opposing practices made unlawful by Title VII. *PVNF*, 487 F.3d at 803 (citing 42 U.S.C. § 2000e-3(a)). "A prima facie case of retaliation requires a plaintiff to show (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse—that is, that the action might dissuade a reasonable worker from making or supporting a charge of discrimination, and (3) that a causal connection exists between the protected activity and the materially adverse action." *Id.* (internal quotation marks, brackets, ellipses, and citations omitted).

The district court addressed only the causation requirement. It found that Chung's first EEOC charge in April 2013 and the School District's decision not to hire her for the MLF position in August 2013 were too remote in time to infer causation. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1204 (10th Cir. 2008) (three month period between protected activity and alleged retaliation is insufficient to establish causation). The court also noted that Chung failed to cite any evidence demonstrating that Dr. Jeanice Swift, who Chung alleges made the hiring decision, even knew about Chung's first EEOC charge. *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002) ("An employer's action against an

---

[5] As noted above, Chung's complaint also alleges the School District retaliated against her by refusing to return her to a sixth grade reading position when it became available, but her argument on appeal focuses only on the MLF position.

11

employee cannot be *because* of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition."). The district court held that Chung failed to identify a genuine issue of material fact regarding the causation requirement and, therefore, failed to establish a prima facie case of retaliation.

Chung argues the district court failed to consider protected activities other than her EEOC charge that were more closely connected to the School District's decision not to hire her for the MLF position. In particular, Chung claims she participated in an internal investigation by the Equal Opportunity Office on May 15, 2013, met with the Executive Director of Curriculum and Instruction on June 26, 2013, authorized the Executive Director of the teacher's union to represent her on July 13, 2013, and participated in the EEOC investigation by writing a rebuttal to the School District's position statement on August 8, 2013. But as the School District points out, Chung failed to make this argument in her response to its motion for summary judgment and cites no record evidence supporting her assertions. Likewise, Chung argues in her brief that Dr. Swift was aware of her EEOC charge, but she did not make this argument in her response to the School District's motion for summary judgment and cites no evidence supporting it.

Based on the arguments and evidence properly before the district court, the court did not err by finding that Chung failed to establish a genuine dispute whether filing her first EEOC charge caused the School District to deny her the MLF position. It therefore properly granted summary judgment on Chung's retaliation claim.

**D. We lack jurisdiction to review the district court's order assessing costs.**

Chung argues the district court awarded the School District excess costs. But Chung's notice of appeal, which was filed before the cost assessment, identifies only "the Order entered by Magistrate Judge Kristen Mix Granting Defendant's Motion for Summary Judgment and Final Judgment on July 22, 2015." The clerk notified Chung in a November 27, 2015, order that "the scope of this appeal is currently limited to the original judgment and what occurred before it." Because Chung did not file a new or amended notice of appeal following the district court's post-judgment order assessing costs, we lack jurisdiction to review the cost assessment. *See E.E.O.C. v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1250 (10th Cir. 1999) (we have no jurisdiction to review an award of attorneys' fees entered after the underlying judgment without a supplemental notice of appeal).

## IV. Conclusion

We affirm the district court's order granting summary judgment in favor of the School District. We grant the School District's motion to strike Chung's supplemental appendix because she did not seek an order permitting her to file it as required by 10th Cir. R. 30.2(B) and all documents necessary to consider her appeal

were contained in the record submitted by the district court pursuant to 10th Cir. R. 11.2(A) & 30.1.

Entered for the Court

Jerome A. Holmes
Circuit Judge