**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————

JOSE M. BEJAR,

     Plaintiff - Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

     Defendant - Appellee.

No. 16-3218
(D.C. No. 2:15-CV-02601-CM)
(D. Kan.)

———————————————

**ORDER AND JUDGMENT**[*]
———————————————

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
———————————————

Jose Bejar appeals the district court's grant of summary judgment in favor of the

Department of Veterans Affairs ("VA") on his claim under Title VII, 42 U.S.C.

§§ 2000e-2(a), 2000e-16. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Bejar was employed as a staff neurologist at a VA hospital in Topeka, Kansas.

The VA fired him after he lost his medical license—a result of pleading <u>nolo contendere</u>

to one count of sexual battery and one count of aggravated sexual battery for unwanted

sexual contact with his patients. He filed a pro se complaint under Title VII, alleging that

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his convictions and termination manifested a conspiracy to retaliate against him for filing an EEOC complaint more than a decade earlier, and to discriminate against him based on his race and national origin.[1]  Bejar subsequently abandoned his retaliation claim,[2] and the district court granted summary judgment to the VA on the remaining discrimination claim.

## II

We review the district court's grant of summary judgment de novo.  Plotke v. White, 405 F.3d 1092, 1093 (10th Cir. 2005).  "Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Davis v. Unified Sch. Dist. 500, 750 F.3d 1168, 1170 (10th Cir. 2014) (quotations omitted).  We view the evidence and all reasonable inferences therefrom in favor of the nonmoving party.  Bennett v. Windstream Commc'ns, Inc., 792 F.3d 1261, 1266 (10th Cir. 2015).

Under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Bejar must make a prima facie showing of discrimination by

---

[1] Bejar has, at varying times, acted both pro se and through counsel.  We afford his pro se materials a liberal construction.  United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009).

[2] The pretrial order, which supersedes the pleadings, see Fed. R. Civ. P. 16(d); Weyerhaeuser Co. v. Brantley, 510 F.3d 1256, 1267 (10th Cir. 2007), presented only a claim for discrimination.  Further, Bejar's opposition to the VA's summary judgment motion exclusively argued a discrimination theory, without advancing a retaliation claim.  Although Bejar's brief on appeal suggests he experienced "reprisal for prior EEO activity," he waived his retaliation claim by abandoning it before entry of the pretrial order and omitting it from his summary judgment briefing.  See Paycom Payroll, LLC v. Richison, 758 F.3d 1198, 1203 (10th Cir. 2014).

demonstrating that he is a member of a protected class, he suffered an adverse employment action, and the challenged action occurred under circumstances that give rise to an inference of discrimination. Bennett, 792 F.3d at 1266. If he satisfies that requirement, the burden shifts to the VA to articulate a legitimate, nondiscriminatory reason for its actions, after which the burden shifts back to Bejar to show the VA's explanation is merely pretextual. Id.

Bejar argued in the district court that he was framed for the sexual assaults. He posited that the VA had a policy of allowing female patients to be examined and treated by male doctors only when another female staff member was present. And he alleged that the VA forced him to violate this policy by intentionally failing to make female staff members available during his exams—all so it could terminate him on account of discriminatory animus. The district court concluded that Bejar failed to allege a prima facie case of discrimination because there was no evidence that the VA violated its policy or that any purported violation was based on Bejar's race. The court further noted that even if Bejar had made the prima facie showing, he conceded that the VA had a legitimate reason to terminate him and offered no argument to support a finding of pretext.

We agree with the district court. Because Bejar has not provided any evidence that his termination "took place under circumstances giving rise to an inference of discrimination," he has failed to make a prima facie showing of discrimination. Daniels v. UPS, 701 F.3d 620, 627 (10th Cir. 2012). Bejar advances three arguments on appeal: (1) there is a videotape recording of his exam of one of the victims that will exonerate

3

him; (2) he was coerced by his attorney to surrender his medical license; and (3) the victims were encouraged or coached to frame him for the sexual assaults so he could be fired. But these arguments were not advanced before the district court and are therefore waived. See Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127-28 (10th Cir. 2011). Even if we were to consider these assertions, they are not supported by record evidence and do not give rise to an inference of discrimination.

Finally, despite conceding that the VA offered a legitimate, nondiscriminatory reason for terminating him—VA regulations require that its doctors be licensed, and Bejar surrendered his medical license after being convicted of sexual battery[3]—Bejar has failed to assert any argument of pretext before the district court or on appeal. Although his opening appellate brief alludes to the VA's "fabricated 'legal' excuse" for terminating him, Bejar does not explain how the circumstances surrounding his termination create an inference of pretext. Thus, any argument of pretext is waived. Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

---

[3] The VA initially proposed to terminate Bejar because of his convictions, but it rescinded that rationale and terminated him because he was no longer qualified upon surrendering his license.

4

**III**

For the foregoing reasons, the district court's grant of summary judgment is

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge