**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JACK ALLEN MITCHELL, II,

     Plaintiff - Appellant,

v.

KANSAS CITY KANSAS SCHOOL
DISTRICT,

     Defendant - Appellee.

No. 17-3090
(D.C. No. 2:16-CV-02145-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

Mr. Jack Allen Mitchell, II, proceeding pro se,[1] appeals the district court's

grant of summary judgment to his former employer, the Kansas City Kansas School

District, on his claims alleging race discrimination and retaliation under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17. We have jurisdiction

under 28 U.S.C. § 1291 and affirm the district court's judgment.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We afford Mr. Mitchell's pro se pleadings a liberal construction. *See Van
Deelen v. Johnson*, 497 F.3d 1151,1153 n.1 (10th Cir. 2007).

I

Mr. Mitchell, who is African-American, worked as a bus driver for the Kansas City Kansas School District. During his tenure, he was the subject of complaints and reprimands for a variety of infractions, including falsely reporting that he had checked his bus for a missing student and, upon discovering that the student was on his bus, failing to immediately report that fact to his dispatcher. During another incident, which occurred on October 30, 2015, Mr. Mitchell's girlfriend was involved in an auto accident with a bus driver on school-district property. Mr. Mitchell was not present, but he arrived on scene and allegedly argued and interfered with another employee who was investigating the accident. Eventually, Mr. Mitchell's supervisor called the police, who removed Mr. Mitchell from the property.

On November 5, 2015, Mr. Mitchell and his sister met with officials from the school district to discuss the October 30 incident. The parties dispute what transpired during the meeting, but on December 9, Mr. Mitchell filed an EEOC charge, citing the October 30 incident and alleging race discrimination and retaliation. The school district then notified Mr. Mitchell on December 21 that he was recommended for termination due to nine prior instances of inappropriate conduct or policy violations, including exhibiting aggressive behavior toward other employees. On January 26, 2016, the school board unanimously approved Mr. Mitchell's termination, and on February 5, 2016, he filed a second EEOC charge alleging retaliation. Later, the board upheld Mr. Mitchell's termination, and upon receiving a right-to-sue letter from the EEOC, he initiated this action, claiming race discrimination and retaliation.

2

The district court granted summary judgment to the school district, initially noting that Mr. Mitchell did not cite any specific evidence demonstrating a genuine factual dispute; instead, he generally admitted or denied the school district's factual averments and cited entire exhibits to support his assertions. The court also observed that Mr. Mitchell's summary judgment response contained no argument section. On the merits, the district court concluded that Mr. Mitchell failed to make a prima facie case of either discrimination or retaliation and he made no attempt to show pretext.

II

*A. Summary Judgment Standard*

We review the district court's summary judgment ruling de novo, applying the same legal standard as the district court and viewing the evidence in the light most favorable to the non-moving party. *Ward v. Jewell*, 772 F.3d 1199, 1202 (10th Cir. 2014). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). This means Mr. Mitchell was obliged "to go beyond the pleadings and set forth specific facts that would be admissible in evidence . . . from which a rational trier of fact could find" in his favor. *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (internal quotation marks omitted).

3

At the outset, Mr. Mitchell contends that the district court failed to consider three types of evidence he submitted: (1) affidavits, (2) a Kansas Department of Labor determination indicating he was eligible for unemployment benefits because there was no evidence of misconduct relating to his employment status, and (3) "[a]udio/vid[e]o [e]vidence." Aplt. Br. at 4. Mr. Mitchell does not elaborate on this argument or explain how this evidence is relevant, but he may be arguing that the district court failed to consider these materials because it declined to search the record for specific evidence to support his claims.

This argument is meritless because the district court correctly recognized that "it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record," *Cross v. Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (ellipsis and internal quotation marks omitted). By citing entire exhibits without framing the specific material factual disputes, Mr. Mitchell failed to comply with Rule 56(c)'s directive to set forth the specific facts that could lead a jury to find in his favor. There was no error because "[t]he district court was not obligated to comb the record in order to make [Mr.] Mitchell's argument for him." *Mitchell*, 218 F.3d at 1199.

## B. Race Discrimination

Turning to Mr. Mitchell's race discrimination claim, he seems to suggest the district court applied the wrong standard in concluding that he failed to establish a prima facie case of discrimination. Under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a Title VII plaintiff must

4

make a prima facie case of discrimination by showing he "is a member of a protected class, []he suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination," *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). "One of the ways [the] third prong may be met . . . is by attempting to show that the employer treated similarly situated employees differently." *Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir. 2000). If the plaintiff makes this showing, the burden shifts to the employer to proffer a legitimate, non-discriminatory reason for the adverse action, upon which the burden shifts back to the plaintiff to show the employer's rationale is pretext for discrimination. *Id.* at 752-53. Pretext may be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Bennett*, 792 F.3d at 1267 (internal quotation marks omitted).

To the extent Mr. Mitchell contends the district court applied the wrong legal standard, we disagree. The court correctly described the elements of a prima facie case; it simply articulated the third element as requiring evidence that an employer treated similarly situated employees differently, which, as indicated above, is one way to show adverse action under circumstances creating an inference of discrimination, *see Jones*, 203 F.3d at 753. "[T]he elements of a prima facie case are neither rigid nor mechanistic." *Bennett*, 792 F.3d at 1266.

More to the point, the district court correctly concluded that Mr. Mitchell failed to establish a prima facie case. The court observed there was no dispute that Mr. Mitchell was a member of a protected class and suffered adverse employment action. But the court recognized there was no evidence that he was treated differently than similarly situated employees. Mr. Mitchell repeatedly testified at his deposition that other than his own independent belief, he had no evidence that he had been treated differently than similarly situated employees. *See* R. at 163. This failed to satisfy his burden at the prima facie stage.

Further, the school district proffered legitimate, non-discriminatory reasons for firing Mr. Mitchell, and he failed to offer any argument that those reasons were pretext for discrimination. This defeats his claim because Mr. Mitchell has effectively waived the issue of pretext. Indeed, if a theory is not raised in the district court, we usually hold it forfeited and refuse to consider it unless a party seeks plain-error review on appeal. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011). "[T]he failure to argue for plain error and its application on appeal . . . marks the end of the road" for a new argument for reversal not presented to the district court. *Id.* at 1131; *see McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010) (holding that party's "failure to explain in her opening appellate brief why [her forfeited arguments in the district court] survive the plain error standard waives the arguments in this court" (italics omitted)). Mr. Mitchell does not address plain error or even mention pretext in his appellate brief. Consequently, for all of the foregoing reasons, we affirm the district court's grant of summary judgment on this claim.

*C. Retaliation*

Mr. Mitchell's retaliation claim suffers from similar defects. Under the *McDonnell Douglas* framework, he was required to show "(1) he engaged in protected opposition to discrimination; (2) he suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between his opposition and the employer's adverse action." *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1199 (10th Cir. 2015). The protected activity must be "a but-for cause of the alleged adverse action." *Davis*, 750 F.3d at 1170 (internal quotation marks omitted). If he made this prima facie showing, the burden shifts to the employer to show a legitimate reason for adverse action, upon which the burden shifts back to Mr. Mitchell to show pretext. *See Stover v. Martinez*, 382 F.3d 1064, 1070-71 (10th Cir. 2004).

To the extent Mr. Mitchell claims the district court applied the wrong standard in articulating the prima facie case, there was no error. To the extent Mr. Mitchell contends he made a prima facie case, we disagree. As the district court observed, Mr. Mitchell offered no argument relating to his prima facie case. And even if we were to overlook this shortcoming, Mr. Mitchell cannot establish the causation element of his prima facie case. Although he does not explicitly say so, he seems to suggest on appeal that he established a causal connection because he was terminated shortly after he filed his first EEOC charge. *See Ward*, 772 F.3d at 1203 ("If the protected conduct is closely followed by the adverse action, courts have often inferred a causal connection."). But he acknowledges that he was told at the

7

November 5 meeting that he had been placed on unauthorized leave without pay following the October 30, 2015 incident in which the police were called to remove him from school property. *See* Aplt. Br. at 1 (stating that at the November 5 meeting "[I] asked more than twice what my employment status [was], and was told only that I was on unauthorized leave without pay"). Thus, while Mr. Mitchell disputes that the November 5 meeting was for disciplinary purposes, he does not dispute that the school district took adverse action before he filed his first EEOC charge on December 9, 2015. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234-35 (10th Cir. 2000) (finding no retaliatory animus where the employer's decision to take adverse action pre-dated the employee's grievance).

Moreover, the temporal proximity between Mr. Mitchell's EEOC charge and his termination a month and a half later is immaterial under these circumstances because, as indicated above, the school district had already initiated disciplinary proceedings as a result of the October 30, 2015 incident involving the police. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (per curiam) (holding that employers "proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality"); *cf. Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324 (10th Cir. 1997) (recognizing in an ADA case that temporal proximity failed to establish pretext because the employer issued warnings before the employee filed her EEOC charge and her subsequent termination "simply completed the disciplinary process already set in motion"). Indeed, Mr. Mitchell concedes that by the November 5 meeting the school district had already placed him

8

on unauthorized leave without pay; he merely asserts that he did not know he was being disciplined or that his job was at risk until he filed a complaint with the EEOC, *see* Aplt. Br. at 2. But his "state of mind is irrelevant to th[e] inquiry." *Vigil v. Colo. Dep't of Higher Educ.*, No. 98-1174, 1999 WL 407479, at *5 (10th Cir. June 21, 1999) (unpublished).[2]

In any event, even if Mr. Mitchell could make a prima facie case, he made no attempt in the district court to show that the school district's proffered reasons for terminating him were pretextual. Nor does he urge us to review the issue of pretext for plain error on appeal. Under these circumstances, we decline to consider the issue. *See Richison*, 634 F.3d at 1131. Accordingly, we affirm the entry of summary judgment on this claim as well.

### III

The judgment of the district court is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2] Although non-precedential, we may consider unpublished decisions for the their persuasive value. *See* Fed. R. App. P. 32.1; 10 Cir. R. 32.1(A).